## Newhard v. Karolcik, County Treasurer

*Anthony Cavalcante*, for plaintiff.

*Eustace H. Bane*, for defendant.

MORROW, J., October 9, 1953.—Plaintiff, C. J. Newhard, has filed a petition for a declaratory judgment, naming Michael Karolcik, county treasurer, as defendant. Defendant is the sole defendant named. Plaintiff's contention is concisely stated in the brief filed by his attorney in this language:

"C. J. Newhard is employed by the County of Fayette as an appraiser in the county assessor's office. For

this employment he receives the sum of $150.00 semi-monthly. He is indebted to the United States in the sum of $2,175.23. The Director of Internal Revenue at Pittsburgh has issued a levy on the U. S. claim and has notified the Treasurer of Fayette County that all sums of money owing from the County of Fayette to Newhard are 'hereby seized and levied upon the payment of the aforesaid tax . . . and demand is hereby made upon you for the amount necessary to satisfy the liability . . .'."

The answer of defendant treasurer is to the effect that it is his duty to retain the money by reason of said levy. Plaintiff contends that his salary in public employment is not liable to attachment.

Plaintiff seeks a declaratory judgment under the Act of June 18, 1923, P. L. 840, as supplemented and amended. It becomes necessary to observe whether the court should under the provisions of that law enter the judgment requested. Section 2 of that act (12 PS §841) provides in part:

"When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding."

That language is clear, and it is equally clear that defendant named has no interest in the proceeding, being no more than a stakeholder, and that the United States, not named, is the only party having or claiming any interest which would be affected by the entry of a judgment such as is sought by plaintiff.

A quotation from Hoffman's Petition, 7 D. & C. 88, is applicable to the situation here, viz.:

"By the mere statement of the above facts, it is at once manifest that the petitioner is not entitled to the advisory declaration which he seeks. He has not brought

himself within the requirements of the act, so far as they relate to necessary parties, and, therefore, asks us to do a vain thing." See also Hopewell Township School District, 59 D. & C. 249, 266.

Aside from this statutory requirement, it is specifically ruled by our Supreme Court in Eureka Casualty Company v. Henderson, 371 Pa. 587, 591 (decided November 18, 1952):

"We start with the fundamental proposition that whether or not a court will take jurisdiction of a petition for a declaratory judgment or decree is purely a matter of judicial discretion."

Under the facts here presented judicial discretion would not seem to be wisely exercised if plaintiff's petition were granted.

### Order

And now, October 9, 1953, after consideration, it is ordered and decreed that plaintiff's petition herein be and it is hereby dismissed.